UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS DAVID MARTINEZ-GUTIERREZ (A-220-369-839), | Case No.  1:26-cv-00421 DJC CSK |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Luis David Martinez-Gutierrez (A-220-369-839), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner raises eight claims for relief, including a claim that his re-detention without a hearing violates his rights to due process under the Fifth Amendment.  (Id. at 14-23.)  For the following reasons, this Court recommends that the petition be granted.

## I.    LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On January 18, 2026, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 26, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order. (EF No. 4.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225. (Id. at 3.) On February 3, 2026, the district court found that petitioner was likely to succeed on his due process claim, converted petitioner's motion for a temporary restraining order to a preliminary injunction and granted the injunction. (ECF No. 8.) The district court found that petitioner entered the country in July 2021, was briefly detained by immigration officials and then granted parole for one year pursuant 8 U.S.C. § 1182(d)(5). (Id. at 1-2, 4-5.) On October 14, 2025, petitioner attended a routine ICE check-in where he was re-detained without notice. (Id. at 2.) Petitioner later had a bond hearing, where his request for bond was denied for lack of jurisdiction under Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025.) (Id.) The district court found that petitioner had a liberty interest following his release on his parole and after the expiration of his parole. (Id. at 5-6 (citing D.L.C. v. Wofford, No. 1:25-cv-01996 DC JDP, 820 F. Supp. 3d 1106, 1111-12 (E.D. Cal. 2026) (finding liberty interest for a petitioner who, among other actions, had been granted employment authorization and continued to attend ICE check-ins after the nominal termination of his parole); Rodriguez-Cabrera v. Mattos, No. 2:25-cv-01551 RFB EJY, 808 F. Supp. 3d 1159, 1179 (D. Nev. 2025) ("Petitioner

---

[1] The factual and procedural background previously presented in the district judge's February 3, 2026 order is incorporated herein. (See ECF No. 8.)

has a fundamental interest in freedom from physical confinement, and that liberty interest is particularly strong given his initial release from detention [pursuant to [section] 1182] in 2022, and the fact that Respondents did not seek his return to custody upon the expiration of his parole in December 2022, or in the three years since."); Omer G.G. v. Kaiser, No. 1:25-cv-01471 KES SAB, 815 F. Supp. 3d 1098, 1109 (E.D. Cal. 2025) (petitioner's "liberty interest [does] not expire with his parole")).  Applying the three factors in Mathews v. Eldridge, 424 U.S. 319, 335 (1976), the district court went on to find that petitioner was entitled to a pre-deprivation bond hearing.  (ECF No. 8 at 6-7.)  In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention and a timely hearing.  (Id. at 8-9.)  At this hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a flight risk, and petitioner shall be allowed to have his counsel present.  (Id. at 9.)  The district court referred this matter to the assigned magistrate judge for further proceedings.  (Id.)

The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 9.)  The parties did not submit any additional briefing, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing.  (See D.L.C., 820 F. Supp. 3d at 1111-12; Rodriguez-Cabrera, 808 F. Supp. 3d at 1179; Omer G.G., 815 F. Supp. 3d at 1109; Mathews, 424 U.S. at 335).  Because the resolution of petitioner's due process claim provides the relief requested, the Court need not reach the remaining claims raised in the petition.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear

and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

### III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED as to petitioner's due process claim.

2.   A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner Luis David Martinez-Gutierrez (A-220-369-839) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified. Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 2, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mart421.157(2)/2

4